IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-150-RJC

| | |
|---|---|
| EPHESIAN JAMISON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| P. HAWK, ) | |
| ANDREW MURRAY, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's civil rights Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1).

**I.  FACTUAL BACKGROUND**

In his Complaint, Plaintiff alleges he is incarcerated in the Mecklenburg County Jail in Charlotte, North Carolina. Plaintiff names as Defendants P. Hawk whom he identifies as a magistrate judge, and Andrew Murray whom he identifies as District Attorney for the 26th Prosecutorial District of Mecklenburg County. (Doc. No. 1 at 1-2).

Plaintiff alleges that on August 6, 2010, a warrant was issued for his arrest by an unnamed local magistrate for a charge of assault on a female. On December 5, 2011, Plaintiff states he was "seized by a local police officer Mr. R. Deal . . . of the Charlotte Mecklenburg Police Department. The seizure was in regards to the August 6, 2010 bond warrant for arrest, and also for an alleged South Carolina State Magistrate's Order for Arrest on a Fugitive Extradition." (Id. at 3). After his arrest Plaintiff appeared for a bond hearing before magistrate Hawk and Hawk ordered Plaintiff committed into custody and Plaintiff was placed in the Mecklenburg

1

County Jail. (Id. at 4). Plaintiff contends that "Defendant Hawk committed Plaintiff into said custody" in violation of his constitutional rights as guaranteed by the United States and North Carolina Constitutions. (Id.).

Plaintiff alleges that Defendant Murray violated his rights under the Fifth Amendment to the United States Constitution because Plaintiff was incarcerated on these criminal charges without first being indicted by a grand jury. (Id. at 5). Plaintiff states that both Murray and Hawk "knew that: (1) the grand jury is charged with determining probable cause supported by oath or affirmation prior to warrants being issued"; and (2) the grand jury should have issued indictments before he was ever arrested and bound into custody on the criminal charges. (Id.). Plaintiff explains that both Murray and Hawk knew that he had not waived his right to be charged by indictment, and that they "knowingly conspired with wanton" and deprived Plaintiff of fundamental interests by denying him his liberty. (Id. at 6). Plaintiff seeks monetary relief against both defendants, $100,000 against Defendant Murray, and $150,000 against Defendant Hawk, and Plaintiff seeks $150,000 against the defendants, jointly and severally. (Id. at 9).

## II.  STANDARD OF REVIEW

A case filed under Section 1983 provides potential remedial relief for a plaintiff who can prove that a person acting under color of state law deprived him of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff.").

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

During an initial review of a Section 1983 complaint, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint is "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint must be dismissed because Plaintiff seeks monetary relief from defendants who are immune from such relief.

## III. DISCUSSION

Plaintiff contends that Defendants Hawk and Murray are state actors who acted under color of state law and "together by the meeting of their minds conspired to deprive Plaintiff of his liberty in clear absence of due process of law which violates Amendments One, Four, Five, and Fourteen to the Constitution to the United States." (Doc. No. 1 at 2). Principally, Plaintiff complains that Hawk denied him the right to bail after he was arrested, and Murray failed to obtain an indictment from the grand jury.

### A. Defendant Hawk

According to Plaintiff's Complaint, Defendant Hawk is a magistrate that ordered him held in detention and denied him the right to bail. "As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity." Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (citing Timmerman v. Brown, 528 F.2d 811 (4th Cir. 1975)). "That

3

immunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction." Id. (citing Stump v. Sparkman, 435 U.S. 349 (1978)). Plaintiff's action against Hawk must fail because issuing orders for arrest and making decisions on bail are actions squarely within a magistrate's judicial capacity. See N.C. Gen. Stat. § 7A-272(3) (magistrates authorized to issue arrest warrants valid throughout the state) and § 7A-272(5) (magistrates authorized to grant bail before trial for any noncapital offense); see also Pressly, 831 F.2d at 517 (finding that under Virginia law "the general authority of magistrates to commit persons accused of crimes to jail is well established."). For the foregoing reasons, Plaintiff's claims against Defendant Hawk must be dismissed.

      B.     Defendant Andrew Murray

Defendant Murray is the District Attorney for Mecklenburg County and a state official. Plaintiff's claims that Murray violated his federal constitutional rights are barred by the Eleventh Amendment to the United States Constitution and by the district attorney's absolute immunity.[1] See Nivens v. Gilchrist, 444 F.3d 237, 248 (4th Cir. 2006) (claims against district attorney in his official capacity are barred by the Eleventh Amendment and in his individual capacity by the doctrine of prosecutorial immunity). Because Murray is a state official an action for monetary damages against him in his official capacity would have an adverse impact on the State and is therefore barred by the Eleventh Amendment. See Nivens, 444 F.3d at 250; see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (noting that the government entity is "the real party in interest" in an official capacity suit).

---

[1] Claims that either Murray or Hawk violated any rights he may have that are state rights, whether statutory or constitutional, are not cognizable in a Section 1983 claim. See generally Maine, supra, 448 U.S. 1 (holding Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights).

4

Plaintiff has pled a claim for monetary damages against Murray in his individual capacity. (Doc. No. 1 at 9). "[P]rosecutors enjoy absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties." Puckett v. Carter, 454 F. Supp. 2d 448, 452 (M.D.N.C. 2006) (citing Imbler v. Pachtman, 424 U.S. 409 (1976)). In Imbler, the Supreme Court held that "initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. at 430. The Court explained that prosecutors should be afforded absolute immunity when their "activities were intimately associated with the judicial phase of the criminal process." Id. "In applying this rule, the Court of Appeals for the Fourth Circuit has held that the process of deciding whether to seek an indictment and to pursue a conviction based on an indictment returned by a grand jury is conduct 'intimately associated with the judicial phase of the criminal process.'" Puckett, 454 F.Supp.2d at 452 (citing Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996)). Plaintiff's claims against Murray in his official and individual capacity must be dismissed because the Complaint seeks monetary relief against those who are immune from such relief.

## IV. CONCLUSION

Plaintiff's Complaint is dismissed because he seeks monetary relief against Defendants who are immune from such relief.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed without Prepayment of Fees or Costs, (Doc. No. 1-1), is **GRANTED**.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1), and Plaintiff's Complaint must be dismissed because it seeks monetary relief against the individual Defendants who are immune

5

Case 3:12-cv-00150-RJC   Document 4   Filed 05/31/12   Page 5 of 6

from such relief. 28 U.S.C. § 1915A(b)(2).

Signed: May 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge